## JAMES J. AMONETT *v.* YOUNG & BEMISS.

A party who being himself the owner of property, points it out to be seized in execution for the debt of another, will be estopped from denying the title of the defendant in execution.

A PPEAL from the District Court of the Parish of Madison, *Farrar, J.*
*A. T. Steele,* for plaintiff and appellant. *Snyder & Bemiss,* for defendant.
LAND, J. This is a suit in which the plaintiff prays for a judgment decreeing

him to be the owner of seven hundred and twenty-five acres of land described in his petition, and quieting his title thereto as against the defendants.

The lands in dispute were purchased by *David H. Groves*, from the United States government, and were sold by him afterwards, on the 2d of April, 1841, to *Louis A. Collier*, on a credit of one and two years, retaining a vendor's privilege as security for the price.

On the 7th of August, 1843, these lands were sold by the United States Marshal, in the suit of the *Farmers' Bank of Virginia* v. *Thompson L. King*, to the plaintiff.

The lands had been pointed out to the Marshal by *Louis A. Collier*, as the property of the defendant in execution, *Thompson L. King*.

On the 1st of May, 1844, *Louis A. Collier* made a cession of his property, in the parish of Orleans, to his creditors.

On the 4th of September, 1847, these lands were sold by the Sheriff of the parish of Madison, in virtue of a writ issued in the suit of *Louis A. Collier* v. *His Creditors*, to the plaintiff, *James J. Amonett*, and to *William Amonett*.

The plaintiff claims title by virtue of the judicial sales above mentioned.

On the 30th of May, 1842, *David H. Groves* commenced suit in the parish of Concordia, on one of the promissory notes given for the price of the lands and claimed a vendor's privilege on the same.

On the 11th day of December, 1843, *David H. Groves*, obtained judgment against *Louis A. Collier*, recognising his privilege, and ordering the lands to be seized and sold for the satisfaction of his debt.

On the first Saturday in the month of October, 1848, the lands were sold by the Sheriff of the Parish of Madison, by virtue of a writ of *fieri facias*, issued in the suit of *David H. Groves* v. *Louis A. Collier*, to the defendants, *Young & Bemiss*.

It is clear that the act of *Collier*, in pointing out the lands to the United States Marshal, as the property of *Thompson L. King*, and their subsequent sale, as the property of the defendant in execution, had the effect of divesting *Collier's* title, and transfering it, to the plaintiff in this suit, for the reason that the act of *Collier*, estopped him, from denying afterwards the title of the defendant in execution. *Marsh* v. *Smith*, 5 Rob. 523 ; *McMasters* v. *Atchafalaya Bank*, 1 An. 11 ; *Blanchard* v. *Allain*, 5 An. 368.

As *Collier*, therefore, was without title, at the date of his cession, the lands in dispute did not pass by operation of law to his creditors, although they had a right of action, to avoid the sale by the Marshal, on the ground of fraud.

The act of *Collier*, however, in pointing out the lands as the property of *Thompson L. King*, did not extinguish the vendor's privilege, and the plaintiff purchased the same, subject to this encumbrance.

The defendants purchased the lands at the Sheriff's sale in the suit of *David H. Groves* v. *Louis A. Collier*, under a writ ordering them to be sold to satisfy the privileged debt of the vendor, and thereby acquired a good and valid title as against *Collier*, and all parties holding under him. It is not pretended that *Thompson L. King* had any title.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.